James A. Beasley *v.* Zachariah Parker and others.

## April Term, 1875.

Attachment where debtor and creditor are non-residents. — The act of January 25, 1871, ch. 122, which limits the right to an attachment, where both the debtor and creditor are non-residents of the state, to property fraudulently removed to this state to evade the process of law in the state of domicile or residence, does not apply to an attachment granted under the Code, sec. 4289.

*D. F. Wilkin*, for complainant.
*G. J. Stubblefield*, for defendants.

The Chancellor : — The defendants have moved to discharge the attachments sued out in this cause, because the *fiat* authorizing their issuance was improvidently granted.

The original bill was filed against the defendants Zachariah Parker and the Equitable Fire Insurance Company, and prayed for an attachment to attach the indebtedness of the company to Parker, solely upon the ground that the latter defendant, alleged to be a debtor of the complainant by note, was a non-resident of the state. The bill stated that both the complainant and the defendant Parker were citizens of the state of Alabama. The motion to discharge the attachment is based upon the act of January 25, 1871, ch. 122, sec. 1, which provides : "When the debtor and creditor are both non-residents of this state, and residents of the same state, the creditor shall not have attachment of the property of the debtor, unless he swears that the property of the debtor has been fraudulently removed to this state to evade the process of law in the state of their domicile or residence."

The right to an original attachment was at first limited, by statute, to citizens of the state ; or, at any rate, to cases where one of the parties was a citizen of the state. *Kincaid* v. *Francis*, Cooke, 49 ; *Decatur Bank* v. *Berry*, 3 Humph. 590 ; *Webb* v. *Lea*, 6 Yerg. 473. This was after-

wards changed, in some instances, by statute. *Hill* v. *Lazelle*, 5 Sneed, 363. And the language of the Code seemed broad enough to extend the right to all persons, irrespective of residence or citizenship. Code, sec. 3455; Heisk. Dig., sec. 193. The act of 1871 certainly changes the law whenever the plaintiff and defendant are non-residents of this state and residents of the same state. The facts disclosed by the original bill brought the case exactly within the purview of the act, and any attachment thereon was improvidently granted.

The amended bill is against the same defendants and Ella Parker, the wife of Zachariah Parker, and alleges, in addition to the facts stated in the original bill, that the defendant Zachariah Parker had notified the defendant the Equitable Fire Insurance Company that he had transferred the policy of insurance, on which the indebtedness attached was incurred, to the defendant Ella, his wife; "that said transfer, or pretended transfer, was a gift to his wife, and all his acts in that regard were contrived in fraud, covin, and collusion, with the intent to hinder, delay, and defraud creditors, especially your orator." These averments charge the principal defendant with resorting to a fraudulent device for the purpose of hindering and delaying creditors, within the Code, sec. 4288. Under that section, the attachment which the court is authorized to grant by section 4289, is not an original attachment to give the court jurisdiction, but only a process, in the ordinary course of the court, to impound the property sought to be reached. *August* v. *Seeskind*, 6 Coldw. 166; *Graham* v. *Merrill*, 5 Coldw. 638. In this view, the attachment sued out under the amended bill was not improvidently granted.

The act of 1871 was not intended to apply to attachments under the Code, sec. 4289, for such attachments are not necessary, either to give the court jurisdiction or to secure the property. Jurisdiction is conferred by sections 4288 and 4311, subsection 4, and the attachment, although authorized

by sections 4289 and 4307, is not essential even to impound the property. The old remedy by injunction and receiver would be equally efficacious, and perhaps the *lis pendens* created by the ordinary service of process, or publication in lieu, would suffice.

The motion must, therefore, be disallowed as to the attachment under the amended bill.